IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBRA DURR,            Civil Action

       Plaintiff,            No. 2:25-cv-00180

v.

BABLIN, INC. d/b/a GREAT CLIPS,

       Defendant.           JURY TRIAL DEMANDED

## CIVIL COMPLAINT

Plaintiff, Debra Durr, by undersigned counsel files this Civil Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 107 of the Americans with Disabilities Act, 42 U.S.C. §12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; and 28 U.S.C. §§ 1331 and 1343(a)(4).

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in Americans with Disabilities Act (ADA), in that:

     a. Plaintiff filed a timely written charge of disability discrimination and retaliation with the Equal Opportunity Employment Commission on January 20, 2023, and cross filed with the Pennsylvania Human Relations Commission;

     b. Plaintiff received a Notice of Right to Sue from the EEOC dated January 30, 2025;

     c. This action was filed with this Court within 90 days of receipt of that Notice; and

     d. More than one year has passed since the date Plaintiff filed her PHRC Complaint.

## II. The Parties

3. Plaintiff Debra Durr ("Durr" or "Plaintiff") is an individual who resides at 1020 Universal Road, Pittsburgh, Allegheny County, Pennsylvania 15235.

4. Defendant, Bablin, Inc. d/b/a Great Clips ("Defendant") is a corporation with a place of business at 560 Clairton Boulevard, Pittsburgh, Allegheny County, Pennsylvania 15236.

5. Defendant is a covered entity within the meaning of the ADA, 42 U.S.C. §12111(2) and (5)(A) because it is an employer engaged in industry affecting commerce and has more than 15 persons employed for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

## III. Factual Background

6. Durr was employed by Defendant since December 4, 2022 as a hair stylist.

7. Durr has a seizure disorder which was diagnosed when she was young.

8. She suffers both grand mal and petite seizures and takes medication for her condition.

9. Durr informed Defendant of her seizures at the time she was hired.

10. On December 23, 2022, Durr had a seizure in the break room while at work.

11. Durr had another second seizure at work on January 3, 2023, seized again at home and was taken to the hospital.

12. Durr contacted her manager to let her know she had gone to the hospital and her manager texted, "Your job WILL be waiting whenever you are well and able!"

13. After Durr was released from the hospital, she contacted her manager again.

14. Her manager texted that she and the owner "are not willing to take the liability risk" and Durr was terminated on January 4, 2023.

**Count I**
**Americans with Disabilities Act: Discrimination**

15. Plaintiff incorporates by reference the allegations in paragraphs 1 through 14 as if fully restated herein.

16. As described above, Plaintiff is an individual with a disability, and Defendant perceived her as having a disability.

17. Plaintiff was qualified for the hair stylist position and could perform all essential functions of the position. Thus, Plaintiff was a qualified individual with a disability under 42 U.S.C. §12111(8).

18. Defendant refused to make reasonable accommodations for Durr's known disabilities in violation of 42 U.S.C. § 12112(b)(5)(A)-(B) and failed to engage in the interactive process as required by law.

19. Defendant then removed Durr from her hair stylist position because of her actual and/or perceived disability, in violation of the ADA, 42 U.S.C. §12112(a).

20. Defendant's violation of the Americans with Disabilities Act was intentional and with reckless disregard of Plaintiff's federally protected right to be free of discrimination on the basis of his disability.

21. As a direct and proximate result of Defendant's illegal and discriminatory actions, Plaintiff has suffered and continues to suffer damages, including but not limited to:

    a. Lost wages and benefits;

    b. Emotional distress, anxiety, humiliation and inconvenience;

    c. Costs and expenses of litigation; and

    d. Attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant for Defendant's violation of the Americans with Disabilities Act as follows:

  a. Back pay and benefits from the time Defendant refused to accommodate her, until the time of trial, with interest;

  b. An injunction precluding Defendant from discriminating or retaliating against Plaintiff in any manner prohibited by the Americans with Disabilities Act;

  c. Either reinstatement or front pay;

  d. Compensatory damages for his emotional distress, anxiety, humiliation and inconvenience;

  e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

  f. A reasonable attorneys fee and costs and expenses of litigation; and

  g. Such other legal and equitable relief as the Court deems just and proper.

## Count II
## American with Disabilities Act: Retaliation

22. Plaintiff incorporates by reference the allegations in paragraphs 1 through 21 as if fully restated herein.

23. Defendant removed Durr from the hair stylist position in retaliation for requesting a reasonable accommodation, in the form of time off after her seizure, under the ADA, in violation of 42 U.S.C. §12203(b).

24. Defendant's violation of the Americans with Disabilities Act was intentional and with reckless disregard of Plaintiff's federally protected right to be free of discrimination on the basis of his disability.

25. As a direct and proximate result of Defendant's illegal and discriminatory actions, Plaintiff has suffered and continues to suffer damages, including not limited to:

  a. Lost wages and benefits;

  b. Emotional distress, anxiety, humiliation and inconvenience;

  c. Costs and expenses of litigation; and

  d. Attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant for Defendant's violation of the Americans with Disabilities Act as follows:

  a. Back pay and benefits from the time Defendant refused to accommodate her, until the time of trial, with interest;

  b. An injunction precluding Defendant from discriminating or retaliating against Plaintiff in any manner prohibited by the Americans with Disabilities Act;

  c. Either reinstatement or front pay;

  d. Compensatory damages for his emotional distress, anxiety, humiliation and inconvenience;

  e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

  f. A reasonable attorneys fee and costs and expenses of litigation; and

  g. Such other legal and equitable relief as the Court deems just and proper.

## Count III
## PHRA

26. Plaintiff incorporates by reference the allegations in paragraphs 1 through 25 as if fully restated herein.

27. Defendant's firing of Durr violated the PHRA, 43 Pa. Conns. Stat.Ann. §955(a) et seq.

28. As a direct result of Defendant's violation of the PHRA, Durr has lost wages and other economic benefits of her employment with Defendant, in addition to suffering emotional

distress, depression, inconvenience and humiliation.

WHEREFORE, Durr requests the following:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

b. That Defendant be ordered to instate Plaintiff and provide her accumulated seniority, fringe benefits and all other rights;

c. That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

e. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g. That the Court grant Durr additional relief as may be just and proper.

Respectfully submitted,

**Quatrini Law Group**

/s/ John E. Black, III
John E. Black, III
PA I.D. No. 83727
941 Penn Avenue, Suite 101
Pittsburgh, PA 15222
Telephone: (724) 717-8272
Facsimile: (724) 837-1348
jeb@qrlegal.com

Attorney for Plaintiff

6